[No. 10686. Department Two. February 21, 1913.]

JOHN A. J. SCHMIDT et al., *Appellants*, v. F. M. CURTISS et al., *Respondents*.[1]

ATTORNEY AND CLIENT—EMPLOYMENT—CONTRACTS—RETAINER FEE. Where a contract for the employment of attorneys provided that $1,000 be paid as a retainer fee, out of which the attorneys were to pay all expenses of the case, and that at the end of the litigation, they should be paid the reasonable value of their services, no part of the retainer need be returned where other attorneys were substituted before the end of the litigation.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 7, 1912, ordering a substitution of attorneys and refusing to order the return of a retainer. Affirmed.

*R. L. Edmiston* and *R. M. Webster*, for appellants.

*Merritt, Oswald & Merritt*, for respondents.

MOUNT, J.—This proceeding was brought in the lower court by the appellants, to substitute attorneys of record, and to require the attorneys previously employed to return to appellants $800 paid to them. The trial court, by consent of the parties, ordered the substitution, but, after a hearing upon the merits, refused to order a return of the money paid as a retainer. This appeal followed.

[1]Reported in 130 Pac. 89.

It appears that the appellants and the respondents, in May, 1912, entered into a written contract as follows:

"This memorandum of agreement, made and entered into between John A. J. Schmidt and the firm of Curtiss & Remele, all parties of Spokane, Washington, witnesseth:

"Whereas the said John A. J. Schmidt desired to secure the services of Curtiss & Remele in the matter of commencing certain suit against the Cook-Reynolds Company of Lewiston, Montana, to set aside a certain deed to real property situated in Spokane, and to recover the value of a $5,000 real estate mortgage which he has recently assigned to them, all in consideration for a contract on the part of the Cook-Reynolds Company to convey to him certain premises situated in the state of Montana; and

"Whereas the said John A. J. Schmidt claims that he has been defrauded by said Cook-Reynolds Company out of his premises in Spokane and his mortgage and in addition a $200 cash payment;

"Now, therefore, in consideration of the services of said Curtiss & Remele, he thereby agrees to and does pay to them the sum of one thousand dollars, the receipt whereof is hereby acknowledged, which sum is accepted by Curtiss & Remele on the understanding that it is a retainer fee in said case, out of which sum they agree to pay the cost of litigation in the superior court, their expenses and the expense of Mr. Schmidt on a trip to Montana for the purpose of investigating conditions there pertaining to said case and looking up testimony which will be necessary to be taken in that state, and it is also further agreed that when said litigation is ended, a final settlement shall be had between the parties and Curtiss & Remele paid the reasonable value of their services in said litigation."

Thereafter the plaintiff paid to respondents $1,000, and respondents brought the action agreed upon. Pursuant to the contract, Mr. Remele went from Spokane to Montana in order to obtain the facts in the case. Thereafter this proceeding was begun, the appellants alleging that the contract was void on account of fraud practiced upon the appellants, who did not understand the terms of the contract. This issue was tried to the court, and a finding was made that "the contract between Curtiss & Remele and said J. A. J. Schmidt is valid,

and that there was no fraud, overreaching, or undue influence of any kind whatsoever practiced by Curtiss & Remele in the procurement of said contract."

It is contended by appellants that this finding is not in accord with the evidence, and that the contract itself shows that the $1,000 paid was in full for services during the litigation. We are satisfied that the finding is fully sustained by the evidence. The great preponderance thereof is to that effect.

Appellants also contend that the contract upon its face shows that the $1,000 was in full for the services to be rendered in the case, and that, when the respondents were discharged, they should account for the balance, after paying expenses and a reasonable fee for the work done by them. But such is not the provision of the contract, for it expressly provides that the $1,000 was paid and received as a retainer fee, and that when the litigation is ended a final settlement shall be had between the parties, and respondents paid the reasonable value of their services. The meaning of a retainer fee is plain and well understood, and was explained to Mr. Schmidt at the time the contract was entered into. No part of this money was agreed to be returned to the appellants, and when the respondents were discharged they were, therefore, under no obligation to return any part of the retainer fee.

The judgment is affirmed.

Fullerton, Morris, Ellis, and Main, JJ., concur.